UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                              CIVIL NO. 05-1081(DRD)

**ONE DODGE DURANGO 2004,**
Defendants

## ORDER

Pending before the Court is *Claimant Victor Vega-Encarnacion's Motion to Dismiss Verified In Rem Complaint and Memorandum of Points and Authorities*. (Docket No. 10). Through said request, claimant Victor Vega Encarnacion moves the Court dismiss the complaint pursuant to the United States' having allegedly unconstitutionally seized the defendant currency, and the United States' failure to timely execute process upon both the claimant and the defendant currency as required by Rule C(4) of the Supplemental Rules. In essence, claimant argues that the affidavit submitted in support contained alleged misrepresentations of facts. Thus, it is unconstitutionally infirm and cannot be the basis for the forfeiture in question. Furthermore, claimant sustains that the service of the *in rem* warrant was not "forthwith" as established by the supplemental rules provided that "forthwith" has been interpreted as meaning 24-hours and the United States served the *in rem* warrant 35 days later. The Government duly opposed the request. (Docket No. 12).

After reviewing the record, the Court finds that Special Agent Jennifer Berry's declaration under penalty of perjury sufficiently establishes that, not only was claimant a targeted drug trafficker and money launderer, but claimant was observed driving the vehicle object of the warrant when meeting with cooperators on the day of his arrest. Pursuant to 21 U.S.C. §881(a)(4), and (6), property from proceeds of drug trafficking violations and/or used and/or intended for use to transport and/or facilitation of the transport, sale, receipt, or concealment of illegally possessed controlled substances may be forfeited. Thus, claimant's contentions to dismiss in this respect do not move the Court. Finally, as to claimant's procedural averments, the Court finds that the Supreme Court has consistently held regarding the "forthwith" requirement of the Supplemental Rules for the service of an *in rem* warrant that "the 120-day provision operates not as an outer limit subject to reduction, but as an **irreducible** allowance." Henderson v. United States, 517 U.S. 654, 662 (1996). Accordingly, the Court also finds that the service of the *in rem* warrant 35 days after its issuance was timely. Hence, claimant's request for dismissal (Docket No. 10) is **DENIED**. **The United States is, thus, to move for judgment.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 30th day of March of 2006.

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**